## MACALESTER v. WISTAR.

### November 11, 1837.

*Rule to show cause why the fieri facias, levy, and sheriff's sale should not be set aside.*

Under the 44th section of the act of 16th June, 1836, relating to executions, a levy and sale on a *fieri facias*, without a condemnation, of a defendant's remainder in fee of a lot of ground after an existing life-estate of another in the same, is good.

A *FIERI FACIAS* had issued in the case upon a judgment which bore date since the execution act of 16th June, 1836, came into operation. The defendant being entitled to the remainder in fee of a lot of ground after the life-estate of his mother, the plaintiff directed the sheriff to sell the same on a *fieri facias*, without a previous condemnation.

*Haly*, for defendant, whilst he admitted that under the act of 1705, this proceeding would have been regular, questioned its legality since the passing of the act of 16th June, 1836. He cited the 44th section of that act, (*Purd. Dig.* 373,) which he argued was imperative in requiring an inquest to be held in every case where real estate was levied upon.

C. *Ingersoll*, contra.

PER CURIAM.—The new act has made no change in this respect. The language of the 44th section which has been quoted, is, it is true, as broad as possible, but the duties of the inquest are to ascertain whether the rents and profits of the estate levied upon, will be sufficient to satisfy within seven years the judgment upon which the execution has issued, and when, as in this case, there can be no rents and profits as to the *interest* of the defendant taken in execution, there is no duty to be performed by the inquest. An inquest at best, therefore, would be a useless expense. The ultimate purpose of this requisition of the law is to protect the defendant's estate from sale, provided, the rents and profits

[Macalester v. Wistar.]

shall be sufficient to discharge the debt in seven years, and where this is the case, the plaintiff according to the 49th section, may obtain actual possession of the land in order to receive the profits. But where there is an outstanding life-estate in a third person, actual possession could not be delivered to the plaintiff consistently with the rights of such third person.

Rule discharged.